SAMUEL SILBERMAN v. GEORGE H. NILES AND ANOTHER.[1]

June 3, 1927.

No. 26,023.

**Order striking out answer as frivolous was sustained.**

1. An order striking out defendants' answer as frivolous, with leave to the defendants to file and serve an amended answer within ten days upon the payment of $10 as costs, *held* justified by the record.

[1]Reported in 214 N. W. 261.

**Subsequent judgment as of default proper.**
    2. Judgment entered thereafter, as of default for want of an answer as asked for in the complaint, was proper.

Judgments, 34 C. J. p. 169 n. 65.
Pleading, 31 Cyc. p. 621 n. 72; p. 626 n. 10; p. 668 n. 52.

Action in the municipal court of Minneapolis to recover for services in the adjustment of a fire loss. There was judgment for the plaintiff, White, J., and the defendants appealed. Affirmed.
    *Homer Morris, Mason W. Spicer,* and *Niles & Davis,* for appellants.
    *Brill & Maslon,* for respondent.

QUINN, J.
Appeal from a judgment entered against the defendants as of default for want of an answer on June 11, 1926. The question presented by this appeal is whether the court erred in granting plaintiff's motion to strike out the answer as sham and frivolous with leave to interpose an amended answer within ten days upon the payment to plaintiff of $10 costs.

Robert Ward & Company sustained a fire loss in January, 1926. They carried insurance upon their property with the Sun and the Orient Insurance Companies. The plaintiff was employed by the insured to adjust the loss and insurance. His commission for so doing amounted to $716.77. The law firm of Niles & Davis, appellants herein, assisted in the adjustment. The loss was adjusted and the insurance money in excess of $5,800 paid in March, 1926, to appellants, acting as attorneys for the insured. They retained $1,342.97 for their services and expenses, and paid divers amounts out upon orders drawn by the insured. On January 28, 1926, prior to the payment of such insurance, the insured made its written order to the Orient Insurance Company in words and figures as follows:

"January 28, 1926.

"To the Orient Insurance Company:
"For Value Received, we hereby sell, transfer, assign and deliver to Samuel Silberman, the sum of $716.77 which is due, or to become

due to us on Policies No. 1984353, No. 1912739, No. 1914503, issued by you to Robert Ward & Co., and charge the same to our account. Subject, however, to the prior rights of Niles & Davis.

"Robert Ward & Co., a corporation.

"By I. Miller, Pres."

At the same time the insured gave the plaintiff an assignment as follows:

"January 28, 1926.

"To Samuel Silberman, Minneapolis, Minnesota:

"For Value Received, we hereby assign to you, Samuel Silberman, the sum of $716.77 which is due or to become due us from the Orient Insurance Co., and said company is hereby authorized and required to pay said money to you and charge the same to our account.

"Robert Ward & Co., a corporation.

"By I. Miller, Pres."

Upon presentation to them the appellants indorsed upon said order the following:

"We hereby release Robert Ward & Co. on their assignment to us in the sum of $716.77, same to be paid to Samuel Silberman.

"Niles & Davis."

The two instruments signed by the insured above set forth, except the statement of the appellants indorsed on one, were set forth in the complaint. It was further stated and averred in the complaint that prior to January 28, 1926, appellants had received from the insured an assignment of the insurance money referred to; that for a valuable consideration they released the insured on such assignment to the extent of $716.77 and agreed to pay the same to plaintiff out of the money to be received by them from the Orient Insurance Company; that in March, 1926, appellants received a sum of money in excess of $716.77 from such insurance; that plaintiff thereafter tendered to appellants the assignment referred to, which they had approved, and demanded payment of the sum of $716.77, which was refused. The answer contains a general denial of the allegations of

the complaint, except that it admits the losses of the insured by fire; that plaintiff adjusted the claim therefor; that his compensation for so doing amounted to $716.77; that the insured made its written order to the Orient Insurance Company, as set forth in the complaint; that at the same time the insured delivered to the plaintiff an assignment, as set forth in the complaint; that they were agents and attorneys for the insured, as alleged in the complaint.

The complaint states a cause of action. No defense is pleaded save by way of a general denial, and the latter was shown to be sham, plainly so. We are satisfied that the trial court was justified in granting the motion. If appellants had a defense to the matters set forth in the complaint, it was their duty to assert the same in an amended answer. In that they defaulted and judgment properly went against them accordingly.

Judgment affirmed.